**Richard D. DRISCOLL, Plaintiff,**

v.

**SMITH BARNEY, HARRIS UPHAM & CO., INC. and Richard Shalla, Defendants.**

**No. 84–8223–CIV.**

United States District Court, S.D. Florida, Miami Division.

June 6, 1985.

Russell L. Forkey, Russell L. Forkey, P.A., Ft. Lauderdale, Fla., for plaintiff.

Robert B. Goldman, Ruden, Barnett, McClosky, Schuster & Russell, P.A., Miami, Fla., for defendants.

### ORDER STAYING PROCEEDING AND GRANTING MOTION TO COMPEL

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court upon Defendants' Motion for Reconsideration of this Court's Order, which denied Defendants' Motion to Compel Arbitration. Defendants have also moved to Compel Arbitration of federal securities law claims in this case. It is hereby

ORDERED AND ADJUDGED that the Motion to Compel Arbitration of the pendent state claims is GRANTED. The Defendants' Motion to Compel Arbitration of the federal securities law claims is also GRANTED. The proceeding shall be stayed pursuant to 9 U.S.C. § 3. Defendants shall submit a status report on the arbitration process every 90 days.

This Court originally denied Defendants' Motion to Compel arbitration on the basis of *Oppenheimer & Co. v. Young,* 456 So.2d 1175 (Fla.1984). *Oppenheimer* held that arbitration agreements are unenforceable in situations governed by Florida state

securities laws. This holding is no longer correct as it is in direct conflict with the opinion of the United States Supreme Court in *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Supreme Court in *Byrd* held that district courts are required to compel arbitration of stated claims when an arbitration agreement has been signed and one of the parties files a motion to compel.

Plaintiff argues that the arbitration agreement is an adhesion contract. When presented with a standardized contract of adhesion, a court may deny giving effect to an "unconsionable" clause therein. *See* 6A A. Corbin, Contracts § 1367, at 20–22 (1962). What is to be considered unconscionable, however, is to be decided by the arbitrator and not the court. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Haydu,* 637 F.2d 391 (5th Cir.Unit B1981).

The Supreme Court in *Byrd* left open the question of whether claims under § 10(b) of the Securities Exchange Act of 1934 or Rule 10b–5 promulgated thereunder are subject to arbitration. The Court did not decide on this issue because the defendant had not raised it. The Court had held in the past that compelled arbitration was inappropriate under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2). *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). This holding was made regarding § 12(2) because § 12(2) contains an express provision that declares void any stipulation waiving compliance with a provision of the act and the Court felt that an agreement to arbitrate amounted to a stipulation waiving the right to seek judicial review and was therefore void.

Although the issue had not been definitively resolved, there have been indications that arbitration may properly be compelled in § 10(b) and Rule 10b–5 actions. In *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) the Court questioned the applicability of *Wilko* to a claim arising under § 10(b) or 10b–5 because these sections do not expressly give rise to a private cause of action. *Id.* at 512–513, 94 S.Ct. at 2453–54. Similarly, Justice White, in his concurring opinion in *Byrd* stated that the opinions of some lower courts holding that § 10(b) claims are non-arbitrable "must be viewed with some doubt."

The reservations of the Supreme Court in *Sherck v. Alberto-Culver Co., supra* and the analysis of Justice White in *Byrd* have formed the basis for Florida district court opinions compelling arbitration for claims arising under the Securities Exchange Act of 1934. *See Westwind Transportation Inc. v. Merril Lynch, Pierce, Fenner & Smith, Inc.,* Case No. 84–734–CIV–T–10 (M.D.Fla. March 9, 1985); *Niven v. Dean Witter Reynolds, Inc.,* Case No. 84–1594–CIV–T–10 (M.D.Fla. March 28, 1985) and *Greenstein v. First Biscayne Corporation,* Case No. 82–0584–CIV–HASTINGS (S.D.Fla. May 16, 1985).

Because of the strong national policy favoring arbitration, *see e.g. Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and in light of the above mentioned authority, the Court finds that it is proper in this case to order all claims to proceed to arbitration.