In the Matter of the Arbitration between
**MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, Plaintiff-Appellee,**

v.

**Helen Echo HAYDU,
Defendant-Appellant.**

No. 79–2993.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 19, 1981.

Bartel & Shuford, Bill Shuford, Jr., Miami, Fla., for defendant-appellant.

Walton, Lantaff, Schroeder & Carson, N. James Turner, Miller Walton, Bennett Falk, Miami, Fla., for plaintiff-appellee.

Before GEWIN, RONEY and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

On January 10, 1979, Helen Echo Haydu, appellant, filed a complaint in Florida state court alleging negligence, fraud, and breach of fiduciary duties in the handling of two of her stock option accounts by appellee Merrill Lynch, Pierce, Fenner & Smith, Incorporated [Merrill Lynch]. The stock option agreements contained an arbitration clause that provided that any disputes between the parties would be settled through arbitration.[1] Haydu admits that she signed both agreements but claims that she did so under duress.[2]

On February 5, 1979, Merrill Lynch removed the state action to the United States District Court for the Southern District of Florida [district court I]. Merrill Lynch then filed a motion to compel arbitration and stay further proceedings pursuant to the Federal Arbitration Act, 9 U.S.C.A. §§ 1–14, on February 9, 1979. Haydu moved to remand the case to state court and on February 17, 1979, district court I granted Haydu's motion. District court I remanded the case pursuant to 28 U.S.C.A. § 1447(c) after concluding that the action was "improvidently removed" because (1) there was no invocation of the federal securities laws thus no federal question jurisdiction and (2) there were inadequate allegations of diversity jurisdiction since the removal petition failed to allege diversity at the time the action was removed as well as at the time the action commenced.

After the remand to state court Merrill Lynch supplemented its motion to compel arbitration by changing its basis for the motion from the United States Arbitration Act, 9 U.S.C.A. §§ 1–14, to the Florida Arbitration Code, Florida Statutes, Chapter 682. The state court denied Merrill Lynch's original and supplemental motions to compel arbitration on July 2, 1979, and ordered a trial.

After the remand, Merrill Lynch filed an independent petition to compel arbitration pursuant to the United States Arbitration Act in the United States District Court for the Southern District of Florida [district court II].[3] In response, Haydu moved to dismiss the petition or to stay the federal action pending resolution of the state proceedings. On July 11, 1979, district court II granted Merrill Lynch's motion to compel arbitration. Haydu did not plead the July 2nd state court judgment in district court II until July 13, 1979, in a motion Haydu filed to reconsider the July 11th order. District court II denied the motion to reconsider on July 19, 1979.

The state court, apparently uncertain of its jurisdiction in light of district court II's July 11th order, vacated its July 2nd order. However, on November 7, 1979, the state

---

1. Arbitration Agreement:

   Any controversy between us arising out of such option transactions or this agreement shall be settled by arbitration before the National Association of Securities Dealers, Incorporated, or the New York Stock Exchange, or the American Stock Exchange, only. I shall have the right of election as to which of the foregoing tribunals shall conduct the arbitration. Such election is to be by registered mail, addressed to Merrill Lynch's head office at 165 Broadway, New York, N.Y., 10006, attention of the Law Department. The notice of election is to be postmarked within five days after the date of demand to make such election. At the expiration of the five days I hereby authorize Merrill Lynch to make such election on my behalf.

2. Haydu stated in her brief that when she signed the agreements she was distracted and coerced by the high pressure sales talk of the Merrill Lynch representatives.

3. This case was assigned to a different district judge from the judge that had acted as district court I.

court fully reinstated its July 2nd order *nunc pro tunc* when it denied Merrill Lynch's motion to abate the state proceedings. Merrill Lynch's appeal from the denial of its motion to abate was actively pending in state court until district court II, acting upon Merrill Lynch's motion, enjoined further state proceedings on January 11, 1980. Haydu had moved district court II to stay the federal proceedings pending her appeal of the July 11th order. On December 17, 1979, this Court granted Haydu's motion to stay pending appeal but relinquished to district court II jurisdiction for the restricted purpose of entertaining Merrill Lynch's application for injunctive relief to determine whether such relief was warranted and permissible in order to protect or effectuate its July 11th order pursuant to 28 U.S.C.A. § 2283. Thus the proceedings in both federal and state courts are stayed pending the outcome of the instant appeal of the July 11th order. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 482 F.Supp. 788 (S.D.Fla.1980).

On appeal, Haydu makes the following contentions: (1) that district court II did not have jurisdiction to entertain Merrill Lynch's motion to compel arbitration, (2) that the doctrines of res judicata or collateral estoppel bar entry of district court II's July 11th order and (3) that the July 11th order deprived Haydu of due process of law.

## IMPACT OF THE PRIOR REMOVAL AND REMOVAL

▮ The United States Arbitration Act grants both state and federal courts concurrent jurisdiction over disputes involving arbitration agreements. 9 U.S.C.A. § 3. However, the Act alone is insufficient to confer federal jurisdiction: not only must the transactions involved constitute "interstate commerce" within the meaning of 9 U.S.C.A. § 2, but also an independent basis for jurisdiction such as diversity or a federal question must exist before a federal court may properly assume jurisdiction. *See Commercial Metals Co. v. Balfour, Guthrie & Co. Ltd,* 577 F.2d 264, 268–69 (5th Cir. 1978) (discussing *Coastal States Gas Producing Co., et al. v. Producing Properties, Inc., et al.,* 203 F.Supp. 956 (S.D.Tex. 1962)); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 408 (2d Cir. 1959), *cert. dismissed per stipulation,* 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960).[4] Because the United States Arbitration Act is a national substantive law that supplants state arbitration laws, a state court is bound to apply the Act if the statutory requisites are present; further, if an action involving arbitration is filed initially in state court, such an action may be removed to federal court so long as the jurisdictional requirements are satisfied. *Commercial Metals, supra,* 577 F.2d at 269; *Robert Lawrence, supra,* 271 F.2d at 406; *Warren Bros., supra,* 386 F.Supp. at 663. Since Merrill Lynch's independent petition to compel arbitration alleged that (a) diversity of citizenship existed, (b) the signed stock option agreements contained an arbitration clause, and (c) the agreements constituted commerce, it would appear that district court II had jurisdiction to entertain that motion, notwithstanding a pending state court action. *Ballantine Books, Inc. v. Capital Distributing Co.,* 302 F.2d 17, 19 (2d Cir. 1962).[5]

However, it is the nature of the pending state court action that complicates the issue

---

4. Further, once the jurisdictional requisites are met, a district court may not compel arbitration unless neither (a) the making of the agreement for arbitration nor (b) the failure to comply with that agreement is in controversy. *See, e. g., Warren Bros. Co. v. Community Bld'g Corp. of Atlanta, Inc.,* 386 F.Supp. 656, 665 (M.D.N.C. 1974).

5. While a federal court may stay its proceedings pending the resolution of a related state court action, it is not required to do so. However, if there is concurrent jurisdiction between the state and federal courts and the federal court does not exercise its discretion to stay, the federal court's failure to do so may constitute an abuse of discretion. *See Ballantine Books, Inc. v. Capital Distributing Co.,* 302 F.2d at 20. Moreover, if the state court reaches its judgment before the federal court does, the state court judgment may have *res judicata* effect in the federal court. *See Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Cafe,* 566 F.2d 861, 863 (2d Cir. 1977).

of whether district court II properly assumed jurisdiction. First, the action initially filed by Haydu was remanded to the state court after Merrill Lynch had attempted removal to district court I. Moreover, district court I ordered a remand because it found that Merrill Lynch's allegations of diversity were insufficient[6] and that as Haydu's complaint did not involve the Securities Act of 1933 a federal question did not exist.[7] Furthermore, the state court entered an order prior to district court II's July 11th order denying Merrill Lynch's motion to compel arbitration.[8] Thus, one issue presented by this appeal is whether a federal court under the facts of this case has the power to entertain an independent action involving the same subject matter and parties as those in a pending state court action that was remanded after an unsuccessful removal to federal court.

If district court I had adjudicated the merits of Merrill Lynch's motion to compel arbitration pursuant to the United States Arbitration Act in its remand order, it is clear that Merrill Lynch could not attack that order collaterally by alleging an independent action involving the same parties and claims that were present in the initial action.[9] *Compare Chandler v. O'Bryan*, 445 F.2d 1045 (10th Cir. 1971) cert. denied 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241, *with Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975), aff'd *sub nom. Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). However, on the record before us it is clear that district court I did not adjudicate the merits of Merrill Lynch's motion in finding that the action was "improvidently removed"; it simply decided that it lacked jurisdiction to hear and determine the removed action. While district court I did have Merrill Lynch's motion to compel before it and could have reviewed it in deciding whether or not federal jurisdiction existed, *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976), it appears that the court did not consider the propriety of arbitration. *Cf. Rath Packing Co. v. Becker, supra*, 530 F.2d at 1303 (defendant's federal claims were *not* before district court when it remanded cause; subsequent feder-

---

6. District court I did not rule that diversity was non-existent; rather it held that Merrill Lynch failed to allege diversity both at the time the action was initiated and at the time of removal, as required by statute.

7. If Haydu's complaint had invoked the federal securities laws under the 1933 Act, district court I would have had concurrent jurisdiction to hear those claims. However, if her complaint had invoked the Securities Act of 1934, jurisdiction was exclusively federal and district court I would have had either to find that it had jurisdiction or to dismiss the removed action since the state court lacked jurisdiction. During oral argument Haydu argued that her complaint did invoke the federal securities laws and that these agreements were non-arbitrable as agreements to arbitrate future securities violations are unenforceable following *Wilko v. Swan*, 346 U.S. 427, 438, 74 S.Ct. 182, 188, 98 L.Ed. 168 (1953). District court II also found that Haydu's complaint failed to allege federal securities laws violations; since we find that this determination was not in error, her argument fails.

8. Merrill Lynch's original motion to compel arbitration and stay further proceedings was brought under the authority of the United States Arbitration Act. After district court I remanded the case, Merrill Lynch filed in state court a supplemental motion to compel arbitration that changed the basis for the motion to the Florida Arbitration Code. It is not clear from the face of the state court's July 2nd order whether the state court decided the motions under both the federal and state arbitration acts or solely under the state act.

9. The purpose of the proscription against review of remand orders is to avoid delay in reaching the merits of a case because of protracted litigation over the proper forum. *See, e. g., Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

It should be noted that a few exceptions to this general rule of nonreviewability exist. If a district court remands an action on grounds not specified by 28 U.S.C. § 1447(c) (as in *Thermtron*), the party seeking removal may petition this Court for a writ of mandamus. *Thermtron, supra*, 423 U.S. at 350–51, 96 S.Ct. at 592–93. Secondly, this Court allows amendments to removal petitions when the party attempting a removal has omitted a jurisdictional allegation. *D. J. McDuffie v. Old Reliable Fire Ins. Co.*, 608 F.2d 145 (5th Cir. 1979); Fed.R. Civ.P. Rule 15(a).

al action permissible since those federal claims were not necessarily adjudicated by court in deciding to remand). Thus, Merrill Lynch's second suit would not constitute an impermissible collateral attack on district court I's remand order since district court I did not decide the question of the applicability of the United States Arbitration Act prior to the remand order.

In response to Merrill Lynch's motion to compel arbitration in district court II, Haydu timely filed a motion to dismiss or stay the federal proceedings pending the outcome of the state action. *See Ballantine Books, supra,* 302 F.2d at 19. However, district court II never specifically ruled on this issue in its July 11th order. Given the concurrent jurisdiction of the state and federal courts that existed in this instance and especially in view of the prior remand, a stay of Merrill Lynch's independent action by district court II would have been appropriate. *Id.* at 20. In view of district court I's remand order involving the same parties and possibly the same claims, we must also review what effect, if any, the state court judgment of July 2nd had on district court II's discretion to entertain Merrill Lynch's motion to compel arbitration.

## EFFECT OF STATE COURT JUDGMENT

Once district court II had assumed jurisdiction it was error to deny Haydu's motion to reconsider the July 11th order. In that motion, Haydu brought the state court's July 2nd order denying Merrill Lynch's motion to compel arbitration to district court II's attention within the ten-day vacation period for judgments. *See* Fed.R. Civ.P. 59(e). The state court clearly had jurisdiction over the cause. *See, e. g., Witherow v. Firestone Tire and Rubber Company,* 530 F.2d 160, 167-68 (3d Cir. 1976); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure* § 3721 (1976 & Supp.). As noted previously, this Circuit has held that state courts are required to apply the United States Arbitration Act and compel arbitration pursuant to the Act if the statutory requisites are present. *Commercial Metals Co. v. Balfour,*

*Guthrie & Co., Ltd, supra,* 577 F.2d at 269. Given that the state court denied both Merrill Lynch's original and supplemental motions to compel arbitration and stay further proceedings, that order could possibly be considered as a judgment that the United States Arbitration Act does not apply.

Under Florida law, a judgment is deserving of res judicata or collateral estoppel effect only if it qualifies as a final judgment. *See Donnell v. Industrial Fire & Casualty Co.,* 378 So.2d 1344 (Fla.1980); 19 *Fla.Jur.,* Judgments and Decrees §§ 131, 132. An interlocutory order in a Florida court has no res judicata effect in a subsequent federal action. *See Ambassador Insurance Co. v. Stiles,* 628 F.2d 373, 374 (5th Cir. 1980). Moreover, since district court I did not consider Merrill Lynch's motion in its remand of the action to state court, the doctrine of collateral estoppel rather than res judicata would apply in a subsequent federal diversity action; accordingly, Merrill Lynch could raise any issue not litigated in the state case in a subsequent federal action. *See Buck Creek Industries, Inc. v. Alcon Construction, Inc.,* 631 F.2d 75, 78 (1980). Thus it becomes necessary to determine which issues were litigated by the state court and the conclusive effect if any to be given to the adjudication of those issues.

It is unclear from the record whether the state court ever reached the merits of Merrill Lynch's original motion to compel arbitration pursuant to the United States Arbitration Act. The court may have determined that the United States Arbitration Act did not apply. Further, the state court could have treated Merrill Lynch's original and supplemental motions in a variety of ways that would preclude the state court from ever reaching the issue of whether the Act applied to the original state court complaint. For example, the state court could have interpreted Merrill Lynch's original motion (which became part of the record during the removal to district court I) as a supplemental matter; thus if the original motion were viewed as an attempt by Merrill Lynch to introduce a new subject mat-

ter that was inconsistent with the complaint, the court may have denied it on that basis. *See Scherer v. Scherer*, 150 So.2d 496 (Fla.App.1963). On the other hand, the state court could have treated the supplemental motion as an amendment of the original motion to compel, thereby superseding the original motion. *See Rice v. Clement*, 184 So.2d 678 (Fla.App.1966); *see generally* 25 *Fla.Jur.*, Pleadings §§ 99, 112.

At first glance, the state court judgment appears to be interlocutory in nature, particularly in view of the state court's vacation and subsequent reinstatement of the order.[10] However, upon closer review it appears that in Florida a party who is denied its motion to compel arbitration has a right of immediate review of the denial of that motion. Fla.Stat.Ann. § 682.-20 (1967). Apparently this statute was designed to take a state court's judgment denying a motion to compel arbitration "out of the category of an interlocutory appeal and its limitations under the Rules." *American Southern Ins. Co. v. Daniel*, 198 So.2d 850, 853 (Fla.1967). Merrill Lynch has never appealed the state court's denial of its motion to compel arbitration and stay further proceedings, and such failure to appeal may operate as a waiver of Merrill Lynch's right to arbitrate. *Id.* Furthermore, state not federal law determines whether the state court's July 2nd order has res judicata effect on the subsequent diversity action in district court II. *See Aerojet-General Corp. v. Askew, et al.*, 511 F.2d 710, 717 & n.9 (5th Cir. 1975), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137. Because district court II did not address the effect of district court I's order or the state court judgment in its order, we find that its

denial of Haydu's motion to reconsider the July 11th order within the ten-day vacation period constitutes error.

Finally, we conclude that Haydu's contentions that district court II deprived her of due process are wholly without merit. Her claims regarding duress and unconscionability are ones that, in the event of arbitration, would be decided by an arbitrator, not the district court, since they go to the formation of the entire contract rather than to the issue of misrepresentation in the signing of the arbitration agreement.[11] *Prima Paint Corp. v. Flood & Conklin*, 388 U.S. 395, at 406, 87 S.Ct. 1801 at 1807, 18 L.Ed.2d 1270. Moreover, Haydu complains that district court II's statutory interpretation of 9 U.S.C.A. § 4 violated her due process rights to a jury trial and to certain affirmative defenses. Upon review of the record we note that district court II correctly handled the statutory procedure under 9 U.S.C.A. § 4;[12] however, because the issue of jurisdiction is still unsettled, we do not reach this issue.

It is because there are several unanswered questions as herein noted that we remand the case to district court II for the purpose of addressing these issues. While it is clear that district court II had district court I's remand order before it (*see* 482 F.Supp. at 789), district court II failed to mention the effect of the remand order on its assumption of jurisdiction in its opinion. District court II had the responsibility to determine the effect of district court I's prior judgment. *See Telephone Workers Union of NJ v. NJ Bell Telephone Co.*, 584 F.2d 31, 32–33 (3d Cir. 1978). District court II should dismiss this action unless it can be

---

**10.** The state court apparently vacated its judgment because it was uncertain of its jurisdiction in light of district court II's July 11th order. However, in Florida a vacation by a court does not automatically deprive an order of the requisite finality. *See* 19 Fla.Jur., Judgments & Decrees, § 132.

**11.** Haydu's allegations that she signed the stock option agreements under circumstances of coercion, confusion, undue influence and duress are related to her reasons for signing the

contract as a whole, but are not directly related to the signing of the arbitration clauses *per se*.

**12.** As the party resisting arbitration, Haydu had the burden of showing entitlement to a jury trial under 9 U.S.C.A. § 4 which the district court found she had not met. *See T & R Enterprises v. Continental Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980). Haydu also fails to advance a convincing argument as to how district court II prevented her from asserting her affirmative defenses in court.

shown that the state court's July 2nd order did not rule on Merrill Lynch's federal arbitration claims in its original motion to compel arbitration and stay further proceedings and that the state court's July 2nd order does not have final effect under Florida law.[13] Accordingly, we REVERSE and REMAND to district court II for further proceedings in accordance with this opinion.

13. Even if the state court ruled on Merrill Lynch's federal claims, if that July 2nd order is not treated as a final order under Florida law, the July 2nd order would not be res judicata and a bar to district court II's jurisdiction.