United States Court of Appeals,

Fifth Circuit.

No. 93-3200.

SPHERE DRAKE INSURANCE PLC, Plaintiff-Appellee,

v.

MARINE TOWING, INC., et al., Defendants-Appellants.

March 23, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and STAGG,[1] District Judge.

DUHÉ, Circuit Judge:

Sphere Drake Insurance PLC sued Marine Towing, Inc. to stay litigation and compel arbitration of certain claims under a protection and indemnity policy. Defendant-Appellant Marine Towing, Inc. moved to dismiss for lack of jurisdiction. The district court denied Marine Towing's motion and ordered arbitration. Marine Towing appeals. Sphere Drake challenges our appellate jurisdiction, arguing that the district court order is not final. We find both appellate and district court jurisdiction and affirm.

I. Facts

Marine Towing contacted Schade & Co. to acquire protection and indemnity insurance for its vessels. Schade eventually secured a policy from Sphere Drake, a London marine insurer. Before Schade delivered the policy to Marine Towing, but during the policy period, an insured vessel sank. Upon receiving the policy, Marine Towing discovered a provision requiring arbitration of coverage disputes in London.

Marine Towing nevertheless sued Sphere Drake and Schade in state court for a declaration of rights under the policy and coverage. Sphere Drake removed the case to federal court and moved to compel arbitration and stay the litigation pending arbitration. Marine Towing moved to remand, and the district court eventually remanded the case because Sphere Drake had not joined all

---

[1]District Judge of the Western District of Louisiana, sitting by designation.

defendants in the notice of removal. After remanding, the court dismissed the motions regarding arbitration as moot.

Before the remand of the removed case, Sphere Drake filed this case, a separate action, to stay litigation and to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, *reprinted in* 9 U.S.C.A. § 201 note (West Supp.1993) [hereinafter "the Convention"]. Marine Towing moved to dismiss this case, arguing that the court lacked jurisdiction both because of the remand of the removed case and because Marine Towing never agreed to arbitrate under the Convention. The court denied Marine Towing's motion, ordered arbitration, and stayed all litigation between the parties. From these orders, Marine Towing appeals.

## II. Appellate Jurisdiction

Sphere Drake challenges our appellate jurisdiction, arguing that the arbitration order is interlocutory rather than final. The Federal Arbitration Act prohibits appeals from interlocutory orders compelling arbitration, but permits appeals from final orders compelling arbitration. 9 U.S.C.A. § 16(a)(3) & (b)(3) (West Supp.1993); *see also McDermott Int'l, Inc. v. Underwriters at Lloyds,* 981 F.2d 744, 746 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993).

We consider an order final if it " "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *McDermott,* 981 F.2d at 747 (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

> In determining whether an order affecting arbitration is final or interlocutory, most courts distinguish between arbitration actions that are "independent" and those that are "embedded" among other claims. Generally, if the only issue before the court is the dispute's arbitrability, the action is considered independent and a court's decision on that issue constitutes a final decision.

*Id.*

The only issue before the district court was the forum for determination of the coverage dispute. Unlike *Filanto, S.P.A. v. Chilewich International Corp.,* 984 F.2d 58 (2d Cir.1993), and *Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 867 F.2d 1518 (5th Cir.1989), the decision

to compel arbitration did not arise from a motion in an ordinary district court action wherein other claims were stayed pending arbitration. The civil action was an independent proceeding brought solely to test arbitrability and stay the various law suits. The arbitration order amounts to a final disposition in this context and ends the litigation.

In attempting to characterize this case as "embedded" rather than "independent," Sphere Drake considers the remanded action and three other federal actions that were stayed[2] arising from the sinking of the vessel. The federal actions were consolidated with this action "for discovery purposes only." We hold that this limited consolidation of the federal cases does not merge the cases into a single judicial unit so that they are considered "embedded." *See West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp.,* 981 F.2d 749, 751 (5th Cir.1993) (holding that, if consolidation of an independent proceeding to compel arbitration with one or more actions renders the cases a "single judicial unit," orders compelling arbitration and staying litigation are interlocutory, not final); *cf. McDermott,* 981 F.2d at 747-48 (considering cases a single judicial unit if they are consolidated "for disposition" or "for all purposes" rather than "for limited purposes"). Additionally, this federal case cannot be "embedded" in the state court proceedings. The order in this case is final because "there is nothing left to be done *in the district court.*" 134 Cong.Rec. S16,284, S16,309 (daily ed. Oct. 14, 1988) (emphasis added) (section-by-section analysis of the Judicial Improvements and Access to Justice Act, which added 9 U.S.C. § 16 to the Federal Arbitration Act).

### III. District Court Jurisdiction

Marine Towing challenged the district court's jurisdiction, arguing both the res judicata effect of the remand and a lack of jurisdiction under the Convention.

A. Effect of the remand on jurisdiction.

Regarding the remand, Marine Towing notes that while the removed case was pending in federal court, Sphere Drake filed a motion to compel arbitration and stay litigation—the identical relief it sought in this case. Because the same arguments were before the remanding court, Marine

---

[2]The order compelling arbitration stayed all federal and state court litigation between Marine Towing and Sphere Drake pending arbitration (reserving Marine Towing's right to proceed against other defendants).

Towing argues that the remand should be res judicata as to the forum for resolving the issues.

The prohibition of jurisdiction over claims previously remanded in an earlier action is based upon the proscription against review of remand orders in 28 U.S.C.A. § 1447(d) (West 1973) (providing that a remand order "is not reviewable on appeal or otherwise"). *See New Orleans Pub. Serv., Inc. v. Majoue,* 802 F.2d 166, 167-68 (5th Cir.1986) (finding no jurisdiction over federal action that was "nothing more than an artful, if not subtle, attempt to circumvent ... § 1447(d)"). A federal court does not have jurisdiction over a case filed for the purpose of collaterally attacking the remand of another action. *Browning v. Navarro,* 743 F.2d 1069, 1077-78 (5th Cir.1984) (rejecting review of bankruptcy remand via ancillary proceedings).

The question whether this suit constitutes an impermissible collateral attack on the earlier remand order is determined by considering whether the remanding court decided the arbitrability question before remanding. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 637 F.2d 391, 396-97 (5th Cir. Unit B Feb. 1981). If the first district court "had adjudicated the merits of [Sphere Drake's] motion to compel arbitration ... in its remand order, it is clear that [Sphere Drake] could not attack that order collaterally by alleging an independent action involving the same parties and claims." *Id.* at 396. If the remanding court did not consider the propriety of arbitration, however, the second suit is not an impermissible collateral attack on the remand order. *See id.* at 396-97.

The supplemental record, comprised of the removed and remanded case, refutes any suggestion that the district court adjudicated Sphere Drake's motion to compel arbitration in connection with the remand. The district court remanded only because of the removing party's failure to obtain the consent of codefendants; the court decided nothing on Sphere Drake's arbitrability motion and in fact later declared the motion moot.[3] This civil action, filed before that order of remand, is not prohibited under *Majoue* and *Merrill Lynch,* because it does not constitute a collateral

---

[3]To the extent that the remanding judge considered arbitration issues in connection with the motion to remand (in discussing subject matter jurisdiction under the Convention), we note that Sphere Drake is not asking the court to reconsider its analysis. The district court's ruling in this case is consistent with its remarks in its remand order in the earlier case.

attack on the order of remand.

B. Jurisdiction under the Convention.

Marine Towing next argues that the district court lacked jurisdiction under the Convention[4] because Marine Towing and Sphere Drake had no "agreement in writing" to arbitrate.[5] The Convention provides that the phrase " "agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams."[6]

Marine Towing contends that, because it did not sign the insurance contract, the policy cannot provide the agreement in writing. Marine Towing would define an "agreement in writing" only as 1) a contract or other written agreement signed by the parties or 2) an exchange of correspondence between the parties demonstrating consent to arbitrate. We disagree with this interpretation of the Convention. We would outline the Convention definition of "agreement in writing" to include either

(1) an arbitral clause in a contract or

(2) an arbitration agreement,

   (a) signed by the parties or

   (b) contained in an exchange of letters or telegrams.

The insurance contract indisputably contains an arbitral clause. Because what is at issue here is an arbitral clause in a contract, the qualifications applicable to arbitration agreements do not apply. A signature is therefore not required.[7] *But see Sen Mar, Inc. v. Tiger Petroleum Corp.,* 774 F.Supp. 879, 882 (S.D.N.Y.1991) (requiring that arbitration clause be found in a signed writing or an

---

[4]A proceeding "falling under the Convention shall be deemed to arise under the laws and treaties of the United States," and original jurisdiction is in the district courts. 9 U.S.C.A. § 203 (West Supp.1993).

[5]The Convention applies if there is "an agreement in writing" in which the parties undertake to submit their differences to arbitration. Convention, art. II § 1.

[6]*Id.* § 2.

[7]Additionally, we do not reach the agency arguments pertaining to whether an exchange of correspondence occurred.

exchange of letters to be enforceable).  The district court properly did not require that the contract containing an arbitral provision be signed to constitute an agreement in writing under the Convention.

## IV. Compelling Arbitration

The final question is whether the district court properly compelled the parties to arbitrate. Of the requirements for referring a dispute to arbitration under the Convention,[8] only one is at issue: whether there is an agreement in writing to arbitrate.  This question having been answered in the affirmative in resolving Marine Towing's jurisdictional challenge, the district court properly compelled arbitration.

AFFIRMED.

---

[8]*See Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.,* 767 F.2d 1140, 1144-45 (5th Cir.1985).