**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2009

No. 08-60887

Charles R. Fulbruge III
Clerk

NATIONSTAR MORTGAGE LLC

Plaintiff-Appellant

v.

WILLIE E KNOX; LINDA M KNOX

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CV-32

Before BARKSDALE, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is whether the district court abused its discretion in abstaining. After Willie E. and Linda M. Knox defaulted on their mortgage payments, but before Nationstar Mortgage, LLC, could foreclose on the Knoxes' property that secured the loan, they filed an action against Nationstar in state court. Nationstar removed it to federal court based on diversity jurisdiction. Nationstar then filed a separate action in the same federal court, seeking to compel arbitration, pursuant to the arbitration agreement the parties executed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in conjunction with the mortgage. The second action was assigned to a different judge. While that second action was pending, the first action (state action) was remanded for lack of diversity jurisdiction. The district court in the second action, however, held such jurisdiction existed. Nevertheless, it abstained, based on "principles of comity, equity, and federalism" and dismissed without prejudice. AFFIRMED.

I.

In September 2000, the Knoxes entered into a mortgage loan with Nationstar's predecessor in interest. The principal amount of the loan was $64,000, repayable over a term of ten years, with the total payments to exceed $107,000.

As a security for the mortgage loan, the Knoxes executed a deed of trust, granting Nationstar a security interest in the real property located in Grenada, Mississippi. With the loan, the parties executed an arbitration agreement.

After the Knoxes defaulted on their mortgage payments, foreclosure on the property was scheduled for 6 February 2007. In response, on 1 February, the Knoxes filed an action in state court against Nationstar, raising claims based on the mortgage loan (state action). The complaint, in an *ad damnum* clause, stated: the relief sought was not to exceed $70,000; and the Knoxes would neither amend the complaint to request more, nor accept a judgment of a greater amount. The Knoxes also sought, *inter alia*, rescission and cancellation of the deed of trust and cancellation or removal of the clouds on title.

On 1 March, Nationstar removed the state action to district court, based on diversity jurisdiction. On 2 April, the Knoxes moved for remand, claiming the

amount in controversy did not exceed the minimum, requisite $75,000, and, therefore, diversity jurisdiction was lacking.

Meanwhile, on 7 March, Nationstar filed a separate action against the Knoxes in the same district court, invoking diversity jurisdiction and seeking to compel arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 4 (federal action). Nationstar requested, *inter alia*, the removed state action's being stayed, pending arbitration. The federal action was assigned to a different judge (second judge).

On 13 April, the Knoxes moved to dismiss the federal action or, in the alternative, consolidate it with the removed state action. They claimed, *inter alia*, that the federal action should be dismissed: for lack of subject-matter jurisdiction; and because granting the relief sought under the FAA would violate the general principles of federalism and the Anti-Injunction Act (AIA), 28 U.S.C. § 2283. Nationstar opposed the motion (on 10 May 2007), asserting that the Knoxes' claims for declaratory, equitable, and injunctive relief established that the amount in controversy exceeded the minimum $75,000 necessary for diversity jurisdiction. Nationstar also contended, *inter alia*, that abstention was not appropriate pursuant to 9 U.S.C. § 4, and that the Anti-Injunction Act was not applicable. On 22 May 2007, Nationstar filed a motion to compel arbitration.

While Nationstar's motion to compel arbitration was pending in the federal action before the second judge, the judge for the removed state action remanded it on 24 June 2008. That judge reasoned: because the Knoxes, pursuant to their complaint's *ad damnum* clause, were precluded from recovering more than $70,000, the diversity-jurisdiction amount-in-controversy requirement was not satisfied.

Three months later, in the federal action, the second judge denied Nationstar's motion to compel arbitration and dismissed that action without prejudice. The second judge ruled subject-matter jurisdiction existed because, in addition to seeking $70,000 in monetary damages, the Knoxes sought, *inter alia*, rescission of the mortgage and a permanent injunction to preclude Nationstar's foreclosing on their property. Because the value of the mortgage exceeded $5,000, and the Knoxes requested $70,000 in damages, the second judge concluded the $75,000 amount-in-controversy requirement was satisfied and that, together with diversity of citizenship existing, federal subject-matter jurisdiction existed.

Addressing the Knoxes' AIA and abstention claims, the second judge stated:

> The Anti-Injunction Act [28 U.S.C. § 2283] provides "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." [18 U.S.C. § 2283.] "Section 2283 was enacted . . . to avoid unseemly conflict between state and federal courts." *Signal Properties, Inc. v. Farha*, 482 F.2d 1136, 1137 (5th Cir. 1973). "This creates a national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Shore v. Saxbe*, 395 F. Supp. 1396, 1396 ([E.D.] Tenn. 1974) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). As such the Act codifies principles of comity. *Machesky v. Bizzell*, 414 F.2d 283, 287 (5th Cir. 1969). If the Anti-Injunction Act would bar an injunction, a declaratory judgment that would have the same effect is also barred. *Texas Employers['] Ins. Ass'n v. Jackson*, 862 F.2d 491, 494 [] (5th Cir. 1988) (en banc). Principles of equity, comity, and federalism must be considered in deciding to issue an injunction. *O'Shea v. Littleton*, 414 U.S. 488, 499 [] (1974). This is true even where a court has jurisdiction to issue an injunction. *Lynch v. Snepp*, 472 F.2d 769, 771 (4th Cir. 1973). "Any doubts as

4

to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coastline R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 [] (1970).

*Nationstar Mortgage, LLC v. Knox*, No. 3:07CV32, 2008 WL 4372751, *2 (N.D. Miss. 19 Sept. 2008).

Noting that the state action, having been remanded by a different judge, was pending in state court, and reasoning that, by ruling on Nationstar's motion to compel arbitration, the district court would enjoin the state action, the second judge declined to exercise jurisdiction over the federal action based on the "principles of equity, comity and federalism". *Id.* at *2-3. Accordingly, the federal action was dismissed without prejudice.

## II.

The Knoxes maintain jurisdiction is lacking. Nationstar claims the district court erred in abstaining.

## A.

Jurisdictional rulings are reviewed *de novo*. *E.g.*, *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Factual determinations by a district court in the process of determining its subject-matter jurisdiction are reviewed only for clear error. *Id.*

The Knoxes assert the district court lacked subject-matter jurisdiction over the federal action because the amount in controversy was less than $75,000, and because the remand order for the state action, ruling that the amount-in-controversy requirement was not met, was conclusive for whether subject-matter jurisdiction existed. As such, the Knoxes contend Nationstar's filing the federal action constitutes a collateral attack on the remand order for the state action.

5

Nationstar counters that the second judge's deciding that the amount in controversy exceeds the requisite minimum $75,000 was correct because, in addition to seeking $70,000 in monetary damages, the Knoxes sought rescission of the mortgage worth more than the $5,000. Further, Nationstar contends the second judge's order was not a collateral attack because the federal action was filed *before* the remand order was entered in the state action.

1.

Nationstar, as the party asserting diversity jurisdiction, bears the burden of showing it exists. *See id.* Diversity of citizenship is not disputed. At issue is the amount in controversy. For that, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith". *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote call omitted). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction". *Id.* at 289-90.

The Knoxes claim: the district court erred in finding the requisite jurisdictional amount because Nationstar relied on their state-court complaint that explicitly limited the value of all relief sought to $70,000; Nationstar relied on forms of relief an arbitrator could not award; and it provided "legally flawed evidence" that the mortgage had a value of more than $75,000.

In addition to $70,000 in monetary damages, the Knoxes sought rescission and cancellation of the deed of trust, cancellation and removal of clouds from title, and a preliminary and permanent injunction against Nationstar to prohibit it from proceeding with foreclosure. Further, in its federal-action complaint, Nationstar asserted the total payments due on the Knoxes' mortgage exceeded $107,000.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy". *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). Accordingly, the district court did not err by ruling that Nationstar established that the object of litigation exceeded $75,000.

2.

The Knoxes' collateral-attack claim is also without merit. "A federal court does not have jurisdiction over a case filed for the purpose of collaterally attacking the remand of another action." *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994). "The question whether [an action] constitutes an impermissible collateral attack on the earlier remand order is determined by considering whether the remanding court decided the arbitrability question before remanding." *Id.*

In asserting a collateral attack, the Knoxes rely on *New Orleans Pub. Serv., Inc.* (*NOPSI*) *v. Majoue*, 802 F.2d 166 (5th Cir. 1986). There, NOPSI was sued in state court by one of its employees. *Id.* at 166. NOPSI removed the state action to federal court, but it was remanded to state court. *Id.* at 166-67. NOPSI then filed a federal action, seeking a declaration that the employee's state claims were preempted by the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001. *Id.* at 167. The district court dismissed, finding no preemption, and NOPSI appealed. *Id.*

Our court vacated the decision on the merits and remanded to district court for an order dismissing for lack of subject-matter jurisdiction. *Id.* at 168. Our court reasoned that NOPSI's federal action, which involved the same parties and raised the same claims as those in state action, was "nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d), which provides that a remand order 'is not reviewable on appeal or *otherwise*'". *Id.* at 168 (emphasis in original). Accordingly, the remand in *Majoue* was "*res judicata* as to the *forum*". *Id.* (emphasis in original).

The procedural posture in *Majoue* is, of course, distinguishable from that here. There, the federal action was filed *after* the remand order had been issued. *See id.* at 166-67. Here, the federal action was filed *before* the state action was remanded to state court. In fact, the remand order for the state action was not entered until 15 months after the federal action was filed. Accordingly, because there was no prior ruling when the federal action was filed, Nationstar's filing the federal action did not constitute a collateral attack on the much later remand order for the state action.

Further, the issue of arbitration was never raised in district court in the state action, and, consequently, no federal-court ruling was ever made in the state action regarding the merits of Nationstar's arbitration claim. In this regard, this court's decisions are instructive.

In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391 (5th Cir. 1981), a state-court action was removed to federal court. *Id.* at 394. Merrill Lynch then moved to compel arbitration. *Id.* The district court, on another motion, remanded to state court, because, *inter alia*, "there were inadequate allegations of diversity jurisdiction". *Id.* After the remand, Merrill Lynch filed

8

an independent action in district court, again seeking to compel arbitration, and the district court granted Merrill Lynch's request. *Id.*

At issue on appeal was whether the district court had the authority to rule on Merrill Lynch's request to compel arbitration. *Id.* at 396. Our court held it did because, in its remand order, the district court did not consider the merits of Merrill Lynch's arbitration claim. *Id.* Therefore, the district court's compelling arbitration in the independent federal action did not constitute a collateral attack on the remand order. *Id.* at 396-97.

Likewise, in *Sphere Drake*, 16 F.3d at 666, a federal action seeking to compel arbitration was filed *before* a district court, based on a procedural defect in the notice of removal, remanded a removed state action involving the same parties and claims. *Id.* at 667. The remanding court dismissed, as moot, the motions to compel arbitration. *Id.* After the remand, the district court in the federal action ordered arbitration and stayed all litigation between the parties. *Id.* Because the remanding court did not consider the propriety of arbitration, our court held the federal action was not a collateral attack on the remand order. *Id.* at 669.

## B.

Although a district court's abstention ruling is reviewed for abuse of discretion, *de novo* review applies to whether the requirements of a particular abstention doctrine are satisfied. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004). "The exercise of discretion must fit within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Id.* (quoting *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 701 (5th Cir. 1999)). "A court necessarily abuses its discretion when it abstains outside of the

doctrine's strictures." *Id.* (quoting *Webb*, 174 F.3d at 701). Denials of motions to compel arbitration are reviewed *de novo*. *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1264 (5th Cir. 1994).

Nationstar claims the district court erred in both declining to exercise jurisdiction and denying its motion to compel arbitration because the FAA, 9 U.S.C. §§ 1-16, requires federal courts to direct parties to proceed to arbitration regardless of whether there is a pending proceeding in another forum. In response, the Knoxes assert the district court's judgment should be affirmed because the AIA, 28 U.S.C. § 2283, prohibits federal courts from staying state-court proceedings, unless one of the AIA's exceptions applies.

As discussed, when the district court abstained (with the state action pending in state court on remand), Nationstar was seeking two forms of relief: (1) to enjoin the state action, and (2) to compel arbitration. The former is governed by the *Younger* abstention doctrine and the AIA; the latter, by the FAA and the *Colorado River* abstention doctrine. The first requested relief touched on questions of federal-state relations; the second involved considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation". *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)) (alteration in original).

The district court declined to enjoin the state action, and, apparently erroneously casting the federal action as one for declaratory judgment (as the district court noted, an impermissible form of relief under *Younger*, *see Samuels v. Mackell*, 401 U.S. 66, 73 (1971)), denied the motion to compel arbitration. In

other words, the district court's disposition of the arbitration issue seems to have been predicated entirely on the *Younger* abstention doctrine. The two requested forms of relief (enjoining the state action and compelling arbitration) are not, however, mutually exclusive. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same subject matter in the Federal court having jurisdiction'". *Colo. River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Restated, a district court's declining to enjoin a state action does not, in and of itself, prevent it from proceeding with the federal cause of action.

The parties did not address the *Colorado River* abstention issue in their briefs. Nevertheless, as discussed, because *de novo* review applies to whether the district court's decision to abstain fits within the specific limits of a particular abstention doctrine, *see Earle*, 388 F.3d at 518, we may review that decision pursuant to an abstention doctrine not explicitly relied upon by district court. Therefore, for purposes of judicial efficiency, although the district court did not expressly rely on the *Colorado River* abstention doctrine, we may consider *sua sponte* whether the requirements of *Colorado River* are met. *See Luck v. Smith*, No. 92-2779, 1994 WL 397910, at *5 (5th Cir. 15 July 1994) (unpublished) ("Although the district court did not specifically rely on *Cone/Colorado River* abstention, the facts of the case and the language in the lower court's order support the conclusion that this was an appropriate case for dismissal in deference to the [state] litigation."); *see also Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) ("[A]bstention may be raised by the court *sua sponte*". (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976))); *cf.*

11

*New England Ins. Co. v. Barnett*, 561 F.3d 392, 397-98 (5th Cir. 2009) (vacating and remanding for reconsideration of the motion to stay under *Colorado River* where district court abstained under *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)).

The *Colorado River* doctrine applies only when there are pending parallel proceedings in federal and state court involving the same parties and issues. *RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). The doctrine applies only in "exceptional circumstances", *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002), and rests on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation", *Colo. River*, 424 U.S. at 813, 817 (quoting *Kerotest Mfg.*, 342 U.S. at 183) (alteration in original).

> There are six factors for determining whether "exceptional circumstances" exist: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983). *"Only the clearest of justifications will warrant dismissal." Id.* at 16 (emphasis in original).

The first two factors are not present here. The third factor, the possibility of piecemeal litigation, counsels against abstention. Unlike in *Colorado River*, 424 U.S. at 819, there is no clear federal policy of avoiding piecemeal adjudication of rights subject to arbitration agreements. On the contrary, "the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement". *Moses H. Cone*, 460 U.S. at 20 ("[A] decision to allow th[e] issue [of arbitrability] to be decided in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes".) (emphasis in original); *see also Snap-On Tools*, 18 F.3d at 1265 ("[E]ven if some piecemeal litigation does result, that sometimes is the inevitable result of a congressional policy strongly favoring arbitration".). "Allowing a federal court to order arbitration, even where a state court may construe an arbitration clause differently, is fully consistent with this established congressional intent." *Brown*, 462 F.3d at 396.

The fourth factor, the order in which jurisdiction was obtained by the concurrent fora, favors abstention. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions". *Moses H. Cone*, 460 U.S. at 21. "[T]his factor only favors abstention when the federal case has not proceeded past the filing of the complaint". *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492-93 (5th Cir. 2006).

Here, the state action was filed first, and although arbitrability was not asserted in state court, Nationstar could have done so and still can do so. On the other hand, at the time of dismissal, the merits of the federal action had not been reached either. At oral argument, the parties stated that no further

13

developments have taken place in the state action pending this appeal. Although the parties have taken more steps to resolve the arbitration question in federal, rather than state, court, little progress has been made in either.

The fifth factor, the extent federal law provides the rules of decision on the merits, favors federal jurisdiction. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender". *Moses H. Cone*, 460 U.S. at 26. Here, the main claim asserted by Nationstar in the federal action is the arbitrability of the dispute between Nationstar and the Knoxes. "Federal law in the terms of the Arbitration Act governs that issue in either state or federal court." *Id*. at 24; *see also Snap-On Tool*s, 18 F.3d at 1266. Accordingly, although the Knoxes' claims in state court are based on state law, the FAA governs the merits of the federal action. *See Snap-On Tools*, 18 F.3d at 1266.

Finally, the sixth factor, the adequacy of the state proceedings in protecting the rights of the party invoking diversity jurisdiction, weighs in favor of abstention. As noted by the district court, the state court is a concurrent forum where motions to compel arbitration may be considered on the merits, pursuant to 9 U.S.C. § 4. *See, e.g.*, *Miss. Care Ctr. of Greenville, LLC v. Hinyub*, 975 So. 2d 211, 214 (Miss. 2008). Needless to say, we have no reason to doubt the adequacy of the state court's ability to resolve arbitrability issues.

Accordingly, with two factors being neutral, two favoring abstention, and two counseling against it, the question is whether the district court abused its discretion in abstaining. This is a very close question; but, on this record, especially given this matter's very unusual procedural history, we conclude that it did not. We are fully cognizant of the "national policy in favor of arbitration".

*Brown*, 462 F.3d at 396. For reasons of "[w]ise judicial administration", *Colo. River*, 424 U.S. at 817, however, abstention was not improper. As discussed, this diversity action is governed by state law (except, of course, the arbitrability issue); the state court is subject to, and can likewise apply, the FAA; and the merits of the parties' dispute have not been reached in either the state or the federal action. Further, the state court action has already been in federal court but was remanded.

In sum, there was no abuse of discretion in the district court's decision to abstain. (Accordingly, we need not address the applicability of *Younger* and the AIA.)

### III.

For the foregoing reasons, the judgment is AFFIRMED.

15