# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2021

Lyle W. Cayce
Clerk

No. 20-30776

Neptune Shipmanagement Services PTE, Limited;
Talmidge International, Limited; American Eagle
Tankers Incorporated Limited; American Eagle Tankers
Agencies, Incorporated; Britannia Steam Ship
Insurance Association Limited,

*Plaintiffs—Appellees*,

*versus*

Vinod Kumar Dahiya,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1525

Before Jones, Southwick, and Costa, *Circuit Judges*.
Gregg Costa, *Circuit Judge*:

Last year, we noted that arbitration does not always fulfill its goal of avoiding court and "increas[ing] the speed of dispute resolution." *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 493 (5th Cir. 2020) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011)). That international dispute was tied up in arbitration and courts for thirteen years. *Id.*

No. 20-30776

This case involves even more protracted litigation arising out of an arbitration agreement. In a dispute dating back to the last century, the parties have turned to Louisiana state court, federal court, civil court in India, and arbitration to resolve their dispute. Although Vinod Kumar Dahiya has secured an arbitral award for his maritime injuries, he continues to pursue litigation against the alleged wrongdoers—and he still disputes that there was an enforceable agreement to arbitrate at all.

The district court concluded that, after two decades, the dispute was finally at an end. It confirmed the Indian arbitration award and enjoined further litigation. We agree and affirm.

I.

In the fall of 1999, Dahiya, an Indian national, began working as an engine cadet for the Singapore-based ship crewing agency Neptune Shipmanagement Services. He was soon assigned to the *M/T Eagle Austin*, an oil tanker owned by Talmidge International, bareboat chartered[1] to American Eagle Tankers, insured by the Britannia Steam Ship Insurance Association, and crewed by Neptune (collectively known as "the Vessel Interests").

Dahiya's employment contract—which the parties refer to as "the Deed"—bound him to sail for Neptune, but it did not mention Talmidge, American Eagle, or Britannia. Only Dahiya signed it. The Deed contained a

---

[1] In a bareboat charter, "the vessel owner transfers full possession and control to the charterer, who in turn furnishes the crew and maintenance for the vessel (thus the term 'bareboat')." *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993). The charterer therefore becomes responsible "for the negligence of the crew and the unseaworthiness of the vessel." *Id.*

No. 20-30776

clause stating that any dispute arising out of the agreement would be subject to arbitration in either Singapore or India and governed by Indian law.

Dahiya joined the *Eagle Austin* crew in Texas and sailed on the vessel as it travelled along the Gulf Coast, making stops in Beaumont, Lake Charles, and other oil ports. In late 1999, while in international waters en route to Louisiana, Dahiya was severely burned as he operated the vessel's trash incinerator. He was evacuated by helicopter to Baton Rouge and treated for second- and third-degree burns and an infection.

After recovering, Dahiya sued the Vessel Interests in Louisiana state court. The Vessel Interests sought to compel arbitration under the Deed. They removed the case to federal court, invoking jurisdiction under the removal provision relating to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention). *See* 9 U.S.C. § 205. But the district court denied the motion to compel arbitration, holding that forum selection clauses in employment contracts "contravene strong Louisiana public policy." *Dahiya v. Talmidge Int'l, Ltd.*, 2002 WL 31962151, at *2 (E.D. La. Oct. 11, 2002). The court also determined that, because the forum selection clause was invalid, no basis for removal existed, so it remanded the case to state court. *Id.*

We dismissed the Vessel Interests' appeal of that order. *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 208 (5th Cir. 2004). The statute governing removal procedure, we explained, bars appellate review of a remand order "no matter how erroneous."[2] *Id.* at 209 (quoting *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 775 (5th Cir. 2001)); *see* 28 U.S.C. § 1447(d).

---

[2] The district court has since acknowledged that it made a mistake and should have enforced the arbitration clause. *Lejano v. Bandak*, 2004 U.S. Dist. LEXIS 27341, at *3 n.1 (E.D. La. May 27, 2004) (recognizing the error); *see Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 906 (5th Cir. 2005) (holding that Louisiana law does not invalidate

No. 20-30776

Back in state court, the trial court also denied the Vessel Interests' motion to compel arbitration. At the end of the resulting trial, the court awarded Dahiya more than $579,000.

It was a short-lived victory. A Louisiana appellate court reversed the judgment on the ground that the Deed's arbitration clause was enforceable. *Dahiya v. Talmidge Int'l Ltd.*, 931 So. 2d 1163, 1171–73 (La. Ct. App. 2006). It thus remanded the case to the trial court with instructions to stay the lawsuit and compel arbitration in India. *Id.* at 1173.

On remand, Dahiya argued that the case should be stayed only against Neptune because the remaining Vessel Interests were not parties to the Deed containing the arbitration clause. But the trial court stayed the case "in its entirety pending arbitration," halting Dahiya's lawsuit against all the defendants.

The parties then shifted their focus to arbitration. After various delays and procedural blunders in India, Dahiya at last obtained an award in early 2020. The arbitrator awarded Dahiya 95 Lakh (about $130,000) against Neptune; Dahiya had not named the other Vessel Interests as respondents. Although the Vessel Interests offered to satisfy the award, Dahiya refused to accept payment, preferring instead to rekindle the state-court litigation.

Following the award, Dahiya returned to Louisiana court. With the stay now expired, he sought to reinstate the previously rendered $579,000

---

arbitration clauses in employment contracts of foreign seamen). But even apart from whether the district court correctly ruled on the clause's enforceability, removal jurisdiction exists under 9 U.S.C. § 205 as long as "there is a conceivable connection to an arbitration agreement." *OJSC Ukrnafta*, 957 F.3d at 495. "Removal to federal court may thus be proper even when it turns out there is no arbitration agreement." *Id.* at 496. The district court improperly raised this "low bar" for removal by assessing the validity of the agreement in the course of determining its jurisdiction. *Id.* at 495.

judgment or obtain a new trial.  The Vessel Interests again removed the lawsuit to federal court.

The Vessel Interests also filed a new federal lawsuit to confirm the Indian arbitration award under the New York Convention (this time invoking 9 U.S.C. § 207) and to enjoin Dahiya from pursuing any further litigation. Although both of these cases were pending before the same district court, the court declined to consolidate them.

Dahiya then moved to dismiss the new, award-confirmation suit brought by the Vessel Interests, arguing that the district court's remand in the original case prevented federal jurisdiction from ever again being exercised over the dispute.  Undeterred, the Vessel Interests sought summary judgment confirming the award and reiterated their request for injunctive relief "to bring this interminable litigation to an end."

The district court granted summary judgment, terminating Dahiya's "increasingly quixotic bid to win greater damages in the United States." *Neptune Shipmanagement Servs. (PTE.), Ltd. v. Dahiya*, 2020 WL 6059647, at *1 (E.D. La. Oct. 14, 2020).  The court thus enforced the Indian arbitration award and enjoined all pending and future legal actions arising from Dahiya's 1999 injuries.

Following its ruling, the district court entered final judgment confirming Dahiya's arbitral award in the amount of $300,580, a figure the parties proposed that includes accrued interest.  Days later, the Vessel Interests paid that amount in full.

These rulings came in the Vessel Interests' newly filed federal case seeking confirmation of the arbitration award.  But as a result of the injunction it issued, the district court closed the original state-court case that the Vessel Interests had again removed to federal court.  Dahiya appeals only

from the new federal case; he did not file a separate appeal of the removed action.

## II.

Dahiya challenges the district court's subject matter jurisdiction to confirm the arbitral award, the enforceability of the arbitration clause itself, and the court's determination that the award prevents him from pursuing litigation even against the Vessel Interests that were not parties in the arbitration.

Our review begins with Dahiya's challenge to the district court's jurisdiction to confirm the award. Federal courts have the power to enforce awards subject to the New York Convention because these actions "arise under the laws and treaties of the United States." 9 U.S.C. § 203. Any party to an arbitration that falls under the Convention may apply to a federal court "for an order confirming the award as against any other party." *Id.* § 207. This case fits well within the heartland of that jurisdictional grant.[3]

Dahiya nonetheless argues that the district court lost its jurisdiction to enforce the award—or preside over any aspect of this dispute—in 2002, when it remanded the prearbitration suit to state court. He is mistaken. A

---

[3] As the district court held, Dahiya's award falls under the Convention's umbrella because it was issued in a signatory state (India), the parties seek enforcement in another signatory state (the United States), it arises from a commercial dispute, and it involves at least one non-U.S. citizen (Dahiya). *See Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir. 2015).

It may be that, as the only plaintiff to participate in the arbitration, Neptune alone has a claim to confirm the award. But that provides the jurisdictional hook for the suit. The claims of the other Vessel Interests seeking to enjoin Dahiya from engaging in further litigation would come into federal court through supplemental jurisdiction. *See* 28 U.S.C. §§ 1367(a), 1441(a).

remand order issued nineteen years ago in a different lawsuit has no impact on the district court's ability to confirm the award.

To support his view that the 2002 remand binds this case, Dahiya emphasizes that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal." 28 U.S.C. § 1447(d). True enough, and we followed that command when we dismissed the Vessel Interests' direct appeal from the 2002 remand order. *Dahiya*, 371 F.3d at 209. But the removal statutes also contemplate that a lawsuit not removable at its inception may later become removable. *See* 28 U.S.C. 1446(b)(3). Accordingly, we held that an earlier remand did not preclude a second removal based on diversity jurisdiction when a postremand deposition made clear the amount-in-controversy requirement was satisfied. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand."). Thus, even in the same case, a defendant may seek removal more than once, so long as the request rests on different grounds, like new pleadings or ensuing events that reveal a basis for federal jurisdiction. *Id.*

Surely, then, a federal court may hear a separate action premised on new factual developments that support federal jurisdiction. That describes this new case, as it seeks to confirm an arbitration award that did not exist back in 2002. This case was never pending in state court; it is a new action distinct from the litigation seeking to compel arbitration.

Dahiya attempts to circumvent this problem by arguing that even a new suit can be an impermissible collateral attack on a remand order issued in an earlier one. *See New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167–68 (5th Cir. 1986) (holding that there was no federal jurisdiction over an action that was "nothing more than an artful, if not subtle, attempt to circumvent . . . § 1447(d)"). Such a collateral attack occurs when the same

arguments advanced in new litigation "were fully before the court on the petition for removal and subsequent petition for remand." *Id.* That is not what is happening here. The first lawsuit sought to compel arbitration before it had occurred. This one seeks to confirm an arbitration award that has now issued. This recent factual developmental—an award in an arbitration falling under the New York Convention—gives rise to federal jurisdiction. *See* 9 U.S.C. § 207.

Consider a suit alleging state-law unfair competition and trade secret claims. Absent diversity, such a case would not be removable. But if the plaintiff later obtains a patent on the technology at issue, she could then file an infringement suit in federal court. A remand in the first suit would not matter because the second one is based on an intervening event—the acquisition of a patent—that gives rise to federal jurisdiction.

As this hypothetical illustrates, a remand order in an earlier case is not controlling in a new case with a new basis for federal jurisdiction. Yet Dahiya still pushes back, arguing that we must ignore the arbitral award in determining jurisdiction because the remand order in the earlier case held that no enforceable arbitration agreement existed. That earlier ruling, Dahiya contends, gave rise to issue preclusion.

The issue preclusion argument also fails, however, because an unappealable ruling like a remand order is not entitled to preclusive effect. *Beiser v. Weyler*, 284 F.3d 665, 673 (5th Cir. 2002) (explaining that when "a litigant, as a matter of law, has no right to appellate review, then he has not had a full and fair opportunity to litigate and the issue is not precluded"); *see Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 395 (5th Cir. 1998) (suggesting that "collateral estoppel may not be applied offensively to a jurisdictional decision—such as one granting a motion to remand—that is not capable of being subjected to appellate review"); 18A CHARLES ALAN

Wright et al., Federal Practice and Procedure § 4433 n.39 (3d ed. 2021).[4]

The unappealability of remand orders is why, after a remand, a state court may revisit the federal court's jurisdictional reasoning. *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 647 (2006); *Mo. Pac. Ry. Co. v. Fitzgerald*, 160 U.S. 556, 583 (1896). We recognized this principle in dismissing the appeal of the 2002 remand: "[T]he district court determined that the arbitration clause was invalid in the process of ascertaining whether it had subject matter jurisdiction," which meant the ruling "has no preclusive effect in state court." *Dahiya*, 371 F.3d at 211. The state court could freely reexamine the issue and "reach a different conclusion about [the] dispute's arbitrability." *Beiser*, 284 F.3d at 674.

The Louisiana Fourth Circuit Court of Appeal did just that, holding that federal law preempted the state statute prohibiting forum selection clauses and that the arbitration clause was enforceable. *Dahiya*, 931 So. 2d at 1172. The remand order lacked preclusive effect then as it does now. It determined the forum for the suit seeking to compel arbitration and nothing more. *See Kircher*, 547 U.S. at 647.

## III.

Although a district court's remand order does not have preclusive effect, the judgment of a state appellate court surely may. That is the

---

[4] There is another reason issue preclusion does not apply: this case and the earlier one do not involve an "identical issue." *See B&B Hardware, Inc. v. Hargis Indus. Inc.*, 575 U.S. 138, 153 (2015) (observing that issue preclusion applies only when "the issues in the two cases are indeed identical" (quoting 6 J. Thomas McCarthy, Trademarks and Unfair Competition § 32:99, at 32–244) (4th ed. 2014)). As we have explained, the issue in this case—whether a federal court has jurisdiction in a suit to confirm an arbitration award falling under the New York Convention—is not the same one decided in 2002 before Dahiya and Neptune arbitrated.

problem with Dahiya's final two arguments: first, that the arbitration clause is invalid because Neptune never signed it, and second, that Dahiya was not required to arbitrate his claims against the remaining Vessel Interests.

## A.

To begin, Dahiya contends that the district court erred in confirming the arbitral award against Neptune because Neptune did not sign the contract containing the arbitration clause. He cites Article II of the New York Convention, which defines arbitration agreements as "agreement[s] in writing," a term that "include[s] an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. II, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3. Because Neptune never signed the Deed, and federal courts only have jurisdiction over awards "falling under the Convention," 9 U.S.C. § 207, Dahiya claims the district court had no authority to confirm the award.

But this case is not the first time Dahiya has raised an Article II issue with the Deed. Before the arbitration, he argued in front of the Louisiana appellate court that the agreement violated Article II because it was "signed only by him and not by Neptune." The state court did not buy the argument. It held that "Mr. Dahiya's arbitration clause easily meets all four requirements of the Convention," including Article II's agreement-in-writing provision. *Dahiya*, 931 So. 2d at 1172.

This ruling prevents us from revisiting whether the Deed contains an enforceable arbitration clause. Federal courts must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). And under Louisiana law, "[a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action

No. 20-30776

between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." *In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005) (quoting LA. STAT. ANN. § 13:4231(3)). It would be hard to find an issue more essential to a decision compelling arbitration than the court's determination that there is a binding arbitration agreement.

Dahiya's argument that Neptune's signature was required would have fared no better in our court. Fifth Circuit caselaw holds that Article II does not require a signature when the arbitration clause is part of a broader contract. *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994). Our view may now be in the minority,[5] but even so, we did not compel arbitration here—the state court did. Preclusion principles prevent us from revisiting that ruling. And the reliance interests that preclusion law protects are especially strong here as the parties have spent years pursuing arbitration in India. *See Montana v. United States*, 440 U.S. 147, 153–54 (1979) (explaining that preclusion protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions").

---

[5] Other circuits, led by the Second Circuit, have rejected *Sphere Drake*'s approach and held that Article II requires both stand-alone arbitration agreements and contracts containing an arbitration clause to be signed by the parties. *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 186 F.3d 210, 218 (2d Cir. 1999), *abrogation on other grounds recognized by Marks on Behalf of SM v. Hochhauser*, 876 F.3d 416, 420 (2d Cir. 2017); *see also Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996, 1001 (9th Cir. 2017) (calling *Sphere Drake* an "outlier decision" and questioning whether our court would reach the same conclusion today), *abrogated on other grounds by GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1642 (2020); *Czarina, LLC v. W.F. Poe Syndicate*, 358 F.3d 1286, 1290–91 (11th Cir. 2004) (following *Kahn Lucas* in holding that Article II requires a signed agreement); *Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 (3d Cir. 2003) (adopting *Kahn Lucas*).

B.

Finally, Dahiya argues that the district court erred in barring him from litigating against Talmidge, American Eagle, and Britannia because only Neptune was a party to the Deed. But the state court's ruling is preclusive on this question, too.[6]

Dahiya argued before the Louisiana appellate court that "[e]ven if Neptune were entitled to have its liability arbitrated, there is no basis for an arbitration defense for any of the other defendants." The court disagreed, ruling that "the *defendants'* Exceptions of No Right of Action, Improper Venue and Arbitration should have been sustained and the case stayed pending arbitration." *Dahiya*, 931 So. 2d at 1173 (emphasis added). Even more important than what the court said is what it did--reverse the verdict that had been entered against all the Vessel Interests. *Id*. The arbitration agreement was the only reason cited for undoing that verdict not just as to Neptune but for all the defendants. *See id*. Despite Dahiya's efforts, nothing in the state court's opinion segregated his claims against the different parties on the basis of only some being subject to arbitration.

After the Louisiana appellate court remanded the case for the trial court to issue a stay, Dahiya again argued that he should be allowed to litigate against the Vessel Interests other than Neptune. He maintained before the state trial court that the "defendants other than [Neptune were] not parties to the arbitration agreement, and have no right to avoid suit in favor of an arbitration to which they will not be a party." The state trial court

---

[6] The district court also held that Dahiya's claims against the Vessel Interests were intertwined, meaning that the entities excluded from the Deed could enforce its arbitration clause under the doctrine of equitable estoppel. *See Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526–27 (5th Cir. 2000). We need not address this question as issue preclusion alone provides sufficient grounds to affirm the judgment.

nonetheless stayed the litigation "in its entirety." In doing so, the court rejected Dahiya's attempt to proceed to trial against some of the Vessel Interests while the arbitration was ongoing. *See M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 998 So. 2d 16, 26 (La. 2008) ("Generally, when a trial court judgment is silent as to a claim or demand, it is presumed the relief sought was denied." (citations omitted)). We must respect the state court's judgment. *See* U.S. CONST. art. IV, § 1.

After the Louisiana courts halted the litigation, ordering Dahiya to arbitrate his claims, Dahiya had the opportunity to do just that. He could have named all the Vessel Interests as respondents in the arbitration. In fact, Dahiya's submissions to the arbitrator included allegations, such as unseaworthiness, most appropriately directed at the *Eagle Austin*'s owner (Talmidge) or charterer (American Eagle). *See Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993). Yet Dahiya named only Neptune as the respondent.

Dahiya's failure to include Talmidge, American Eagle, and Britannia in the arbitration constitutes a failure to prosecute his claims against those entities. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 845 (5th Cir. 2018) (affirming dismissal for failure to prosecute after plaintiff refused to initiate arbitration as ordered by court). Having secured an arbitral award for his injuries, Dahiya cannot now double dip via litigation.

* * *

The judgment is AFFIRMED.